# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2023

Lyle W. Cayce
Clerk

No. 22-40695
Summary Calendar

———————

Frank W. Rodriguez, Jr.,

*Plaintiff—Appellant*,

*versus*

Mohamad Touhami; John Doe One; John Doe Two; John Doe Three; Joe Collins; Frank Rigsby,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:20-CV-140

———————————————————————

Before Davis, Stewart, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Frank W. Rodriguez, Jr., Texas prisoner # 01667156, appeals the district court's dismissal of his 42 U.S.C. § 1983 suit after granting the motion for summary judgment filed by defendant Mohamad Touhami. In his suit, Rodriguez alleged that Touhami and other correctional officers used

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

excessive force against Rodriguez and that other officers witnessed the incident and failed to intervene.

Rodriguez argues that the district court erred in its finding that he failed to exhaust administrative remedies before filing the instant suit. He contends that he should be excepted from the exhaustion requirement because the defendants engaged in a conspiracy to prevent him from filing grievances. Rodriguez further avers that filing a grievance would have been futile and that he was unable to file a grievance because he was in solitary confinement at some point and lacked supplies such as a pen.

"We review the grant of summary judgment de novo, applying the same standards as the district court." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal quotation marks and citation omitted). In general, summary judgment is appropriate if the record discloses "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All facts and inferences are construed in the light most favorable to the nonmoving party. *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

Rodriguez has not demonstrated a genuine factual dispute regarding his claim that he should be excepted from the exhaustion requirement because: (1) it would have been futile to file grievances; (2) he was in segregation and lacked writing supplies; and (3) the defendants conspired to impede his access to grievance forms. These assertions are conclusional and, even if accepted as true, are belied by the record, especially by the numerous grievances Rodriguez filed after the alleged use-of-force incident, albeit related to different claims. *See Ross v. Blake*, 578 U.S. 632, 643-44 (2016); *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010); *Alexander v. Tippah Cnty.*, 351 F.3d 626, 630 (5th Cir. 2003); *Geiger v. Jowers*, 404 F.3d 371, 374

(5th Cir. 2005); *Ferrington v. La. Dep't of Corrs.*, 315 F.3d 529, 532 (5th Cir. 2002).

Additionally, Rodriguez seemingly argues that he exhausted his administrative remedies because he backdated his grievance. Because he did not raise that argument in the district court, we review only for plain error. *See Crawford v. Falcon Drilling Co.*, 131 F.3d 1120, 1123 (5th Cir. 1997). However, Rodriguez has not demonstrated any reversible error related to his backdating argument. *See id.*

In light of the foregoing discussion and construing the facts in his favor, Rodriguez has not shown a genuine factual dispute related to his failure to exhaust administrative remedies and, therefore, the district court did not err in granting Touhami's motion for summary judgment. *See Celotex Corp.*, 477 U.S. at 322; *Poole*, 691 F.3d at 627.

Rodriguez also argues that the district court erred in denying his motion for appointment of counsel. However, he has not shown exceptional circumstances that merited appointment of counsel, and thus, the district court did not abuse its discretion in denying the motion. *See Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015).

The judgment of the district court is AFFIRMED.